UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

CATELINE MARK,

           Plaintiff,

- against -

BRECHER, FISHMAN, PASTERNACK,
WALSH, TILKER & ZIEGLER, P.C.

           Defendant.

------------------------------------------------X

11 Civ.

ECF CASE

COMPLAINT

PLAINTIFF DEMANDS A
TRIAL BY JURY



Plaintiff Cateline Mark ("plaintiff" or "Mark"), through her attorneys Vladeck, Waldman, Elias & Engelhard, P.C., complains of Brecher, Fishman, Pasternak, Walsh, Tilker & Ziegler, P.C. ("Brecher" or "defendant") as follows:

### NATURE OF THE ACTION

1. This is a case about how Brecher discriminated against Mark shortly after she announced her pregnancy. Mark's performance had been exemplary up until she announced her pregnancy in or about late August or early September of 2008. Approximately three to four weeks after she announced her pregnancy, she was fired. Defendant discriminated against plaintiff because of her sex, specifically because of her status as a mother of one child, and because she was going to have to take maternity leave.

2. Plaintiff brings this action against defendant for declaratory and monetary relief and damages for injuries plaintiff has sustained as a result of defendant's unlawful discrimination against her based on her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); the New York State Human Rights

271745 v1

Law, New York Executive Law § 296 et seq. (the "Executive Law"); and the Administrative Code of the City of New York § 8-107 et seq. (the "City Law").

3. This action is also brought against defendant, for declaratory and monetary relief and damages for injuries plaintiff has sustained as a result of defendant's unlawful retaliation against her for attempting to exercise her rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), in violation of 29 U.S.C. § 2615(a).

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 2617(a)(2), and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the claims brought under the Executive Law and the City Law pursuant to 28 U.S.C. § 1367.

5. Pursuant to § 8-502(c) of the City Law, prior to filing this Complaint, plaintiff served a copy of the Complaint on the City of New York Commission on Human Rights and the Corporation Counsel of the City of New York.

6. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against defendant on or about July 9, 2009, complaining of the acts of discrimination alleged herein. On or about November 30, 2010, without making a determination, the EEOC issued plaintiff a notice of right to sue. Plaintiff has complied fully with the administrative prerequisites of Title VII.

7. Because the unlawful employment practices complained of herein occurred within the Southern District of New York, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff is a married mother of two young children. From on or about September 17, 2007 until on or about September 25, 2008, plaintiff was employed by defendant. At all times relevant hereto, Mark worked for the defendant in New York City.

9. On information and belief, defendant is a law firm with offices in Manhattan, New York, Bronx, New York, Brooklyn, New York, Queens, New York, Staten Island, New York, Westchester, New York, Garden City, New York, Rockland County, New York, Suffolk County, New York and New Jersey. Brecher employs more than fifty individuals who work at/or within seventy-five miles of Manhattan office. Brecher handles matters involving serious personal injury, including trials, workers compensation claims, occupational disease claims, social security disability claims and various other matters such as estate planning and state and municipal disability claims.

## FACTUAL ALLEGATIONS

### Mark's Employment at Brecher

10. Mark is a graduate of the State University at Albany 1997 and Cleveland State University Law School (2000). Upon graduating from law school, Mark worked for private firms handling both insurance defense and personal injury matters. On or about September 17, 2007, Brecher hired Mark as an attorney. During her tenure at Brecher, Mark handled personal injury matters. She was assigned to the firm's Personal Injury Department.

11. Within three months of her hire, Mark had distinguished herself as an individual who could handle cases in an efficient and effective manner. She received an

excellent performance review and in or about December of 2007, Brecher placed Mark in charge of a new unit. The unit was called the "Small Case Unit." Brecher also gave her a $10,000.00 bonus.

12. As the attorney in charge of the Small Case Unit, Mark had great success handling smaller matters for the firm and disposing of them in an efficient manner. The unit generated profits for the firm. In addition to running the Small Case Unit, Mark continued to work in the Personal Injury Department, and brought in other matters which generated profits for the firm.

13. In or about May or June of 2008, Mark became pregnant with her second child. In or about late August or early September of 2008, Mark informed the defendant that she was pregnant.

14. At no time during her tenure at Brecher had Mark ever received any criticism or negative feedback concerning her work performance.

15. On or about September 25, 2008, approximately three to four weeks after Mark informed the defendant of her pregnancy, defendant fired Mark. Eliot Schatkman and Vincent Gonzalez, two partners, along with Sabine Tuthill, the office manager, informed her that "they had to let some people go."

16. On information and belief, Brecher also fired the oldest male lawyer and the oldest female paralegal in the firm's Personal Injury Department on that same day.

17. Immediately upon the termination of Mark's employment, in or about late September and early October of 2008, Brecher offered Mark the opportunity to continue to use the firm's offices and support staff to do per diem work for the firm.

18. In fact, Elliot Schatkman ("Schatkman") explained to her that "you will be 'handling' cases as you previously did with a para assigned. The difference is that your compensation will be based upon the settlements you generate." Robert Fishman, a senior partner, also confirmed Schatkman's statement.

19. Based upon information and belief, the reasons Brecher provided to plaintiff as a basis for her discharge are a pretext for sex discrimination.

20. Based upon information and belief, after Mark's employment was terminated, Brecher hired a male lawyer to replace Mark in the firm's Personal Injury Department.

## FIRST CAUSE OF ACTION

### Sex Discrimination Under Title VII

21. Plaintiff repeats and realleges paragraphs 1 to 20 of this Complaint as if fully set forth herein.

22. By the above acts and practices, defendant has discriminated against plaintiff on the basis of her sex.

23. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer irreparable injury, monetary damage and damages for mental anguish, emotional distress and humiliation unless and until this Court grants relief.

24. Defendant engaged in these discriminatory practices with malice and with reckless indifference to plaintiff's rights protected under federal law.

## SECOND CAUSE OF ACTION

### Sex Discrimination Under the Executive Law

25. Plaintiff repeats and realleges paragraphs 1 to 24 of this Complaint as if fully set forth herein.

26. By the acts and practices described above, defendant has discriminated against plaintiff in the terms and conditions of her employment on the basis of her sex, in violation of the Executive Law.

27. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages and damages for mental anguish and humiliation as a result of defendant's discriminatory acts.

## THIRD CAUSE OF ACTION

### Sex Discrimination Under the City Law

28. Plaintiff repeats and realleges paragraphs 1 to 27 of this Complaint as if fully set forth herein.

29. By the acts and practices described above, defendant has discriminated against plaintiff in the terms and conditions of her employment on the basis of her sex, in violation of the City Law.

30. Plaintiff is now suffering irreparable injury and monetary damage from defendant's discriminatory conduct and will continue to do so unless and until the Court grants relief.

## FOURTH CAUSE OF ACTION

### Violation of FMLA

31. Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint with as if set forth herein.

32. By the acts and practices described above, defendant retaliated against plaintiff for attempting to exercise her rights under the FMLA, in violation of the FMLA, 29 U.S.C. §§ 2612(a), 2614(a), and 2615(a).

33. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages and damages for mental anguish and humiliation as a result of defendant's discriminatory acts.

34. Defendant knew that its actions violated the FMLA; defendants' violations of the FMLA were not in good faith.

35. As a result of defendant's actions violating the FMLA, plaintiff has suffered and will continue to suffer irreparable injury and other monetary damages unless and until this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an award:

(a) declaring that the acts and practices complained of herein are in violation of Title VII, the FMLA, the Executive Law and the City Law;

(b) enjoining and permanently restraining these violations of Title VII, the FMLA, the Executive Law and the City Law;

(c) directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

(d) directing defendant to reinstate plaintiff to the position she would have occupied but for defendant's unlawful conduct and making her whole for all earnings she would have received but for defendants' unlawful conduct, including, but not limited to, wages, pension, 401(k) contributions, bonuses and other lost benefits;

(e) directing defendant to pay plaintiff punitive damages;

(f) directing defendant to pay plaintiff liquidated damages for its interference with her rights under the FMLA;

(g) directing defendant to pay an additional amount to compensate plaintiff for the emotional distress and reputational damage defendant's unlawful conduct has caused plaintiff;

(h) awarding plaintiff such interest as is allowed by law;

(i) awarding plaintiff damages to compensate for any adverse tax consequences;

(j) awarding plaintiff her reasonable attorneys' fees and costs; and

(k) granting such other and further relief as the Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in this action.

Dated: New York, New York
February 3, 2011

VLADECK, WALDMAN, ELIAS
& ENGELHARD, P.C.

By: _____
Milton L. Williams
Tara Jensen
Attorneys for Plaintiff
1501 Broadway, Suite 800
New York, New York 10036
(212) 403-7300

271745 v1

8